IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD RAMOS, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 1:20-cv-02991 |
| v. | ) ) JURY TRIAL DEMANDED |
| B O X ACQUISITIONS, LLC d/b/a B O X PARTNERS, LLC, | ) ) ) |
| Defendant. | ) |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Richard Ramos ("Plaintiff"), individually and on behalf of all other similarly-situated employees, by and through his counsel, brings this collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 *et seq.*, and class action under Federal Rule of Civil Procedure 23 and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq.*, against Defendant B O X Acquisitions, LLC d/b/a B O X Partners, LLC ("Box Acquisitions" or "Defendant"), and its subsidiaries and affiliates, and alleges, upon personal belief as to himself and his own acts, and as for all other matters, upon information and belief, and based upon the investigation made by his counsel, as follows:

## NATURE OF ACTION

1. Plaintiff contends that Defendant violated the FLSA and IMWL by knowingly suffering and/or permitting Plaintiff and the putative Class Members (hereinafter collectively referred to as "Plaintiffs") to routinely work in excess of 40 hours per week without properly compensating them at an overtime premium rate for these overtime hours.

1

**JURISDICTION AND VENUE**

2. This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. §216(b), which provides that suit under the FLSA "may be maintained against any employer… in any Federal or State court of competent jurisdiction." Plaintiff has signed an opt-in consent form to join this lawsuit. (Exhibit A).

3. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the FLSA.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this judicial District pursuant to 28 U.S.C. §1391(b) because Defendant's principal place of business is in this District and because a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

**PARTIES**

6. Representative Plaintiff, Richard Ramos, is an adult citizen and resident of Illinois and worked for Defendant as an hourly, full-time forklift operator at its facility located in Elgin, Illinois from approximately April 2015 to the present.

7. During the relevant time period, Plaintiff was an "employee" of Defendant as defined by the FLSA, 29 U.S.C. § 203(e)(1) and IMWL, 820 ILCS § 105/3(d).

8. At all relevant times, Defendant B O X Acquisitions d/b/a B O X Partners, LLC has been an Illinois corporation with its principal place of business located at 2650 Galvin Dr., Elgin, Illinois 60124.

9. At all times relevant, Defendant was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. §203(d) and IMWL, 820 ILCS § 115/2.

10. Defendant is covered by the FLSA because it is an "enterprise" under the FLSA, 29 U.S.C. § 203(s)(1)(A). Defendant has employees engaged in commerce and revenue that exceeds $500,000.00.

## FACTUAL ALLEGATIONS

11. Defendant is a wholesaler of packaging, shipping, and industrial supplies.

12. Plaintiff, like those he seeks to represent, is an individual who works for Defendant at its facility in Elgin, Illinois as a forklift operator or similar hourly-paid positions during the statutory period. Plaintiff and the putative class members all shared similar job titles, training, job descriptions, job requirements, and compensation schemes, among other things.

13. Plaintiff and others similarly situated were classified by Defendant as non-exempt under the FLSA and Illinois wage laws and paid an hourly rate. Initially, Plaintiff was compensated at a rate of $13.00 per hour. Later on in his employment, Plaintiff's compensation increased to $15.50 per hour.

14. Defendant frequently directed its hourly employees to work, and they routinely did work, in excess of forty (40) hours in given workweeks, but they were often not compensated for overtime wages at a rate of one and one-half times their regular rate.

15. At applicable times, Plaintiff and similarly situated employees were paid only straight time for all hours they worked, including all overtime hours worked each week.

16. Defendant routinely suffered and permitted its hourly employees to work more than forty (40) hours per week without overtime pay.

17. Defendant was aware, or should have been aware, that its hourly employees performed non-exempt work that required payment of overtime compensation.

18. The conduct alleged above reduced Defendant's labor and payroll costs.

19. Plaintiff and others similarly situated were subject to Defendant's uniform policies and practices and were victims of Defendant's schemes to deprive them of overtime compensation. As a result of Defendant's improper and willful failure to pay Plaintiffs and putative class members in accordance with the requirements of state and federal wage and hour laws, Plaintiffs and class members suffered lost wages and other damages.

## FLSA COLLECTIVE ACTION ALLEGATIONS

20. Plaintiff brings this collective action on behalf of himself and all others similarly situated pursuant to the FLSA, 29 U.S.C. § 216(b), to recover unpaid overtime wages, liquidated damages, statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages related to Defendant's violation of the FLSA.

21. Plaintiff brings this action under the FLSA on behalf of the following collective class of similarly situated employees:

> All hourly workers employed by Defendant during the applicable statute of limitations period who were not paid 1 ½ times their regular rate for hours worked over forty (40) in given workweeks (the "FLSA Collective").

22. Plaintiff is a member of the FLSA Collective he seeks to represent because he was employed by Defendant during the relevant period, was routinely required, suffered, or permitted to work more than 40 hours per week, as described above, and often was not paid an overtime premium rate for the time he worked over 40 hours per week.

23. Although Plaintiff and similarly situated employees may have had different job titles throughout the relevant period, this action may be properly maintained as a collective because:

    a. Plaintiffs were all paid an hourly rate;

    b. Plaintiffs worked in excess of 40 hours per week;

    c. Regardless of their job title, Defendant frequently failed to pay Plaintiffs an overtime premium of 1½ times their regular hourly rate for all time worked in excess of 40 hours per week; and

    d. Defendant maintained common timekeeping and payroll systems and policies with respect to Plaintiffs, regardless of their job title.

24. Defendant often encouraged, suffered and permitted the Plaintiffs to work more than forty (40) hours per week without proper overtime compensation.

25. Defendant knew that Plaintiffs performed work that required additional wages and overtime compensation to be paid. Nonetheless, Defendant operated under a scheme to deprive Plaintiffs of wages and overtime compensation.

26. Defendant's conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

27. Defendant is liable under the FLSA for habitually failing to properly compensate members of the FLSA collective. Plaintiff requests that the Court authorize notice to the members of the FLSA Collective to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b) for the purpose of seeking unpaid overtime compensation, liquidated damages under FLSA, and the other relief requested herein.

28. Upon information and belief, Plaintiff estimates there are at least 500 similarly situated current and former members of the FLSA Collective who would benefit from the issuance of court-supervised notice and an opportunity to join the present action if they choose.

29. The precise number of members of the FLSA Collective can be easily ascertained by using Defendant's payroll and personnel records. Given the composition and size of the class, members of the FLSA Collective may be informed of the pendency of this action directly via U.S. mail, e-mail, and otherwise.

## IMWL CLASS ALLEGATIONS

30. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings claims on her own behalf and as a representative of all other similarly situated individuals pursuant to the IMWL, 820 ILCS 105/1, *et seq.*, to recover unpaid wages, unpaid overtime compensation, unlawfully withheld wages, statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages owed.

31. Section 105/4(a) of the IMWL requires employers to pay employees one and one-half times their regular rate of pay for all hours worked over 40 per week. Section 105/12 of the IMWL provides that employers who violate the provisions of this Act are liable to affected employees for unpaid wages, costs, attorneys' fees, damages of 2% per month compounding interest on the amount of any such underpayment for each month following the date of underpayments, and other appropriate relief.

32. Plaintiff seeks class certification under Rule 23 of the Federal Rules of Civil Procedure for the following class of similarly situated employees under the IMWL:

> All hourly workers employed by Defendant during the applicable statute of limitations period who were not paid 1 ½ times their regular rate for hours worked over forty (40) in given workweeks (the "IMWL Class").

33. This action is properly maintainable as a class action under Rules 23(a) and (b) because:

   a. The class is so numerous that joinder of all members is impracticable;
   b. There are questions of law or fact that are common to the class;

    c.    The claims or defenses of the Plaintiff are typical of the claims or defenses of the class; and,

    d.    Plaintiff will fairly and adequately protect the interests of the class.

### Numerosity

40.    Upon information and belief, Plaintiff estimates that the total number of putative IMWL Class members represents at least fifty (50) individuals. The precise number of IMWL Class members can be easily ascertained using Defendant's personnel and payroll records and other records.

### Commonality

41.    There are numerous and substantial questions of law and fact common to the IMWL Class members, including, without limitation, the following:

    A.    Whether Defendant routinely failed to pay the members of the IMWL Class overtime compensation for hours worked in excess of forty (40) hours per workweek as required by the IMWL;

    B.    Whether Defendant failed to keep true and accurate records of the amount of time the members of the IMWL Class actually worked;

    C.    Whether Defendant willfully or recklessly disregarded the law in implementing its wage and hour policies applicable to the IMWL Class; and,

    D.    The nature and extent of the class-wide injury and the appropriate measure of damages for the IMWL Class.

42.    Plaintiff anticipates that Defendant will raise defenses that are common to the IMWL Class.

### Adequacy

43.    Plaintiff will fairly and adequately protect the interests of all members of the IMWL Class, and there are no known conflicts of interest between Plaintiff and IMWL Class members. Plaintiff, moreover, has retained experienced counsel who are competent in the prosecution of

complex litigation and who have extensive experience acting as class counsel specifically in wage and hour litigation.

### Typicality

44. The claims asserted by the Plaintiff are typical of the IMWL Class members he seeks to represent. Plaintiff has the same interests and suffers from the same unlawful practices as the IMWL Class members.

45. Upon information and belief, there are no other IMWL Class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such class member should become known, he or she can opt out of this action pursuant to Rule 23.

### Predominance and Superiority

46. The common questions identified above predominate over any individual issues because Defendant's conduct and the impact of its policies and practices affected IMWL Class members in the same manner: they were routinely suffered and/or permitted to work overtime without proper overtime pay.

47. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member are relatively small in the sense pertinent to class action analysis,

the expenses and burden of individual litigation would make it difficult for individual class members to vindicate their claims.

48. On the other hand, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantially more than if claims are treated as a class action. Prosecution of separate actions by individual class members would create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to, fashion methods to efficiently manage this action as a class action.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

49. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

50. Defendant operates an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

51. Plaintiff and the members of the FLSA Collective are similarly-situated individuals within the meaning of the FLSA, 29 U.S.C. §216(b).

52. FLSA Section 207(a)(1) states that an employee must be paid an overtime rate, equal to at least 1½ times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

53. Throughout the relevant period, Defendant violated the FLSA by routinely suffering or permitting Plaintiffs to work overtime hours per week without paying them overtime wages for these hours.

54. Throughout the relevant period, Plaintiffs worked in excess of 40 hours per week, but were not consistently paid an overtime premium of 1½ times their regular hourly rate for those additional hours.

55. Plaintiff and members of the FLSA Collective are not subject to any exemption.

56. Defendant's violations of the FLSA, as described herein, have been willful and intentional. Defendant failed to make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and members of the FLSA Collective.

57. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

58. Defendant failed to create or maintain accurate records of the time Plaintiff and the members of the FLSA Collective worked in violation of the FLSA, 29 U.S.C. § 211(c).

59. The foregoing actions of Defendant violated the FLSA.

60. Plaintiff and members of the FLSA Collective have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of overtime wages owed for time worked in excess of 40 hours per week from which Defendant derived a direct and substantial benefit.

61. As a result of the unlawful acts of Defendant, Plaintiff and members of the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. §216(b).

62. Plaintiffs are also entitled to injunctive relief to prevent Defendant from continuing their violation of the FLSA and other appropriate class-wide injunctive relief.

### COUNT II
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

63. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

64. Plaintiff is a member of a class that meets the requirements for certification and maintenance of a class action pursuant to Rule 23.

65. Section 105/4(a) of the IMWL requires employers to pay employees one and one-half times their regular rate for all hours worked over forty (40) per workweek. Section 105/12 of the IMWL provides that employers who violate the provisions of the act are liable to affected employees for unpaid wages, costs, attorney's fees, damages of 2% of the amount of any such underpayment for each month following the date of underpayments, and other appropriate relief.

66. Throughout the relevant period, Plaintiff and the IMWL Class members worked in excess of forty (40) hours per week, but were not consistently paid an overtime premium of one and one-half times their regular hourly rate for those additional hours.

67. Defendant routinely required, suffered or permitted Plaintiff and the IMWL Class members to work in excess of forty (40) hours per week without overtime compensation.

68. Defendant engaged in a widespread pattern, policy, and practice of violating the IMWL by failing and refusing to pay them the overtime compensation as required by law and in accordance with Section 105/4(a) of the IMWL.

69. Plaintiff and the IMWL Class members are not subject to any exemption.

70. Defendant failed to create or maintain accurate records of the time Plaintiff and the

IMWL Class members worked in violation of the IMWL, 820 ILCS § 105/8.

71. As a result of Defendant's violations of the IMWL, Plaintiff and the IMWL Class members have suffered and will continue to suffer a loss of income and other damages.

72. As a result of Defendant's unlawful conduct, it is liable to Plaintiff and the IMWL Class members for actual damages, statutory damages, and equitable relief, as well as reasonable attorneys' fees, costs, and expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Richard Ramos, individually and on behalf of all others similarly situated, by and through his attorneys, demands judgment against the Defendant and in favor of the Plaintiff and all others similarly situated, for a sum that will properly, adequately, and completely compensate Plaintiff and all others similarly situated for the nature, extent, and duration of their damages, the costs of this action, and as follows:

A. Certify a collective action under Count I and designate Plaintiff as representative of all those employees similarly situation;

B. Order Defendant to furnish to counsel a list of all names, telephone numbers, email addresses, and current (or best known) home addresses of all members of the proposed FLSA Collective;

C. Authorize Plaintiff's counsel to issue notice at the earliest possible time informing the members of the FLSA Collective that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they were deprived of overtime compensation, as required by the FLSA;

D. Certify a class action under Count II;

E. Appoint Stephan Zouras, LLP as class counsel;

F. Declare and find that the Defendant committed one or more of the following acts:

    i. Violated provisions of the FLSA by failing to pay overtime wages to the Plaintiff and similarly-situated persons who opt-in to this action;

    ii. Willfully violated provisions of the FLSA; and

iii. Violated the overtime provisions of the IMWL by failing to pay overtime wages to the Plaintiff and similarly situated persons.

G. Award compensatory damages, including all overtime pay owed, in an amount according to proof under the FLSA and IMWL;

H. Award 2% per month on all overtime compensation due accruing from the date such amounts were due until it is paid under the IMWL;

I. Award pre-judgment interest on all compensatory damages due;

J. Aware liquidated damages in an amount equal to the amount of unpaid overtime compensation found due under the FLSA;

K. Award all costs and reasonable attorneys' fees incurred prosecuting this claim under the FLSA and IMWL;

L. Grant leave to amend to add claims under applicable state and federal laws;

M. Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

N. For such further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: May 20, 2020

Respectfully Submitted,

*/s/ Megan E. Shannon*
Ryan F. Stephan
James B. Zouras
Megan E. Shannon
STEPHAN ZOURAS, LLP
100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
312.233.1550
312.233.1560 *f*
rstephan@stephanzouras.com
jzouras@stephanzouras.com
mshannon@stephanzouras.com

***Counsel for Plaintiff and the Putative Collective and Class***

**CERTIFICATE OF SERVICE**

I, the attorney, hereby certify that on May 20, 2020, I filed the attached with the Clerk of the Court using the ECF system, which will send such filing to all attorneys of record.

/s/ Megan E. Shannon